[Cite as *State v. Born*, 2018-Ohio-350.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  6-17-13

      v.

JAMES JACOB BORN,                      O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Hardin County Common Pleas Court
Trial Court No. 20132176 CRI

**Judgment Affirmed**

Date of Decision:   January 29, 2018


APPEARANCES:

    *Michael B. Kelley* **for Appellant**

    *Jason M. Miller* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, James Jacob Born ("Born"), appeals the June 28, 2017 judgment of the Hardin County Court of Common Pleas resentencing him to correct the imposition of a postrelease control sanction.

*Facts and Procedural History*

{¶2} On November 19, 2013, the Hardin County Grand Jury returned a ten count indictment against Born alleging he committed one count of Burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree. Three counts of Grand Theft, in violation of R.C. 2913.02(A)(1), (B)(4), each a felony of the third degree and each with a firearm specification alleged. Three counts of Receiving Stolen Property, in violation of R.C. 2913.51(A)(C), each a felony of the fourth degree and each with a firearm specification alleged. One count of Safecracking, in violation of R.C. 2911.31(A), a felony of the fourth degree. One count of Theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. And, one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fifth degree. Born was arraigned and entered a plea of not guilty.

{¶3} On January 9, 2014, pursuant to a negotiated plea agreement, Born executed a "Waiver of Rights and Plea of Guilty" and entered a plea of guilty to an amended third degree felony Burglary charge, in violation of R.C. 2911.12(A)(3). Born also pled guilty to two counts of Grand Theft with firearm specifications and

one count of Safecracking as charged in the indictment. The remaining six charges in the indictment were dismissed.

{¶4} The trial court subsequently accepted Born's guilty plea and on February 12, 2014, pursuant to the joint sentencing recommendation, the trial court imposed a non-mandatory twelve-month prison term for each of the Burglary and two Grand Theft offenses, and a non-mandatory prison term of seventeen months for the Safecracking offense, to be served consecutively for a total of 53 months of non-mandatory time. The trial court also imposed a one-year mandatory prison term for each of the firearm specifications attached to the Grand Theft offenses, also to be served consecutively. The trial court specified that the non-mandatory 53-month prison term was to be served after and consecutive to the two-year mandatory prison term, for a total of 77 months.

{¶5} With regard to postrelease control, the trial court's February 12, 2014 sentencing entry incorrectly informed Born that he was subject to an "optional" period of three years of postrelease control upon his release from prison.

{¶6} Born filed multiple unsuccessful motions for judicial release, the last of which was filed on April 5, 2017. The record indicates that, on April 14, 2017, the trial court *sua sponte* ordered a resentencing of Born to be assigned to the docket and issued a warrant to convey Born to the resentencing hearing, which was conducted on June 28, 2017. At the resentencing hearing, the trial court correctly

informed Born that he was subject to a *mandatory* three-year period of postrelease control, instead of the "optional" three-year period as previously stated, due to his conviction for the third degree felony Burglary conviction.

{¶7} On June 28, 2017, the trial court issued a judgment entry of re-sentence reiterating the same 77-month prison term and reflecting the correct mandatory postrelease control period according to the statute.

{¶8} Born filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO.1

**THE TRIAL COURT ERRED WHEN IT RESENTENCED APPELLANT FROM OPTIONAL POST RELEASE CONTROL TO MANDATORY POST RELEASE CONTROL AS APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN, AND BECAUSE THE SENTENCE IS VOID, THUS SHOULD BE VACATED.**

### ASSIGNMENT OR ERROR NO. 2

**THE TRIAL COURT ERRED WHEN IT RESENTENCED APPELLANT FROM OPTIONAL POST RELEASE CONTROL TO MANDATORY POST RELEASE CONTROL AS THE COURT HAS NO AUTHORITY TO MODIFY ITS ORIGINAL SENTENCE, AND EVEN IF IT DOES CAN NOT APPLY A CHANGE OF LAW TO APPELLANT RETROACTIVELY.**

*First Assignment of Error*

{¶9} In his first assignment of error, Born claims that his January 9, 2014 guilty plea was not knowingly, intelligently, and voluntarily made due to the fact

that the trial court failed to inform him of the mandatory nature of his statutory postrelease control. Born further maintains that the trial court's resentencing of him to correct the notification of postrelease control is "void" because the trial court "misapplied" the statute when it informed him that he was subject to an "optional" period of postrelease control, rather than a mandatory period as required by statute.

{¶10} At the outset, we note that Born did not file a motion to withdraw his guilty plea with the trial court alleging his January 9, 2014 plea was not knowingly, intelligently, and voluntarily given. In fact, the record is devoid of any argument regarding the validity of his underlying plea being raised to the trial court before or at the time of resentencing.[1] "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, ¶ 13. Thus, because Born failed to raise the issue regarding his plea to the trial court, the matter is not properly before us on appeal and we decline to address this argument.

{¶11} With respect to Born's claim that his sentence was and/or is "void," we note that the issue of incorrect imposition of postrelease control by a trial court at sentencing has been thoroughly addressed by the Supreme Court of Ohio, which

---

[1] We further note that, despite the manner in which the assignments of error are presented, Born has failed to include transcripts from the January 9, 2014 plea hearing and the original February 12, 2014 sentencing on appeal.

has clarified that *only the offending portion* of the sentence—i.e., the postrelease control sanction—is void, not the entire sentence. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. The statutory remedy for correcting improper impositions of postrelease control is set forth in R.C. 2929.191. In *State v. Singleton,* the Supreme Court of Ohio held that in "criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at paragraph two of the syllabus.

{¶12} The statutory remedial procedures required by *Singleton* and in effect at the time of both Born's original 2014 sentence and his 2017 resentence, state:

> **(C) On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.**

{¶13} Here, the record reflects that the trial court followed *Singleton* and R.C. 2929.191(C) when it resentenced Born on June 28, 2017. Born and his attorney were present for the resentencing hearing and, as previously alluded to, no argument was made by Born regarding the propriety of the resentencing or its effect on his guilty plea. Moreover, the record shows the trial court properly limited the resentencing correction to imposing postrelease control with res judicata applying to the remainder of the sentence. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶ 28-30. The trial court's reference to R.C. 2967.28 in the judgment entry journalized on June 28, 2017, was sufficient to provide all the required advisements regarding postrelease control to Born at his resentencing hearing resulting in a valid postrelease control sanction. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, at ¶ 12-13, 19. Accordingly, we find no merit to Born's arguments raised under the first assignment of error and overrule the same.

*Second Assignment of Error*

{¶14} With respect to his second assignment of error, Born argues that the trial court lacked authority to modify his notification of postrelease control at the resentencing. To the contrary, *Singleton* and R.C. 2929.191(C) clearly permit the trial court to *sua sponte* correct a sentence that failed to properly impose a postrelease control sanction.

{¶15} Moreover, we find no merit to Born's contention on appeal that the trial court improperly applied a change in the law to him retroactively. Rather, a review of the prior and current versions of R.C. 2967.28 applicable to Born, all state that a mandatory three-year postrelease control period shall be imposed for his third degree felony Burglary conviction. *See* R.C. 2967.28 (B)(3), effective March 23, 2013, and R.C. 2967.28 (B)(3), current version effective Sept. 13, 2016 (stating a period of post-release control required by this division for an offender shall be * * * [f]or a felony of the third degree that is an offense of violence and is not a felony sex offense, three years); *see also*, R.C. 2901.01(A)(9)(a) (defining an "offense of violence" to include "[a] violation * * * of division (A)(1), (2), or (3) of section 2911.12 * * * the Revised Code).[2] Accordingly, we do not find Born's argument that the trial court lacked the authority to resentence him to be well-taken and overrule the second assignment of error.

{¶16} Based on the foregoing, the judgment of the Hardin County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**

---

[2] As previously discussed, Born was convicted of third degree felony Burglary in violation of R.C. 2911.12(A)(3).