[Cite as *State v. Bowermaster*, 2019-Ohio-2488.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 6-18-10

    v.

ADAM WADE BOWERMASTER,           O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Hardin County Common Pleas Court**
**Trial Court No. CRI 20172072**

**Judgment Affirmed**

**Date of Decision: June 24, 2019**

---

APPEARANCES:

    *Michael B. Kelley* **for Appellant**

    *Jason M. Miller* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Adam Wade Bowermaster ("Bowermaster"), appeals the September 28, 2018 Entry of Sentence issued by the Hardin County Court of Common Pleas journalizing his conviction for three counts of Illegal use of a Minor in a Nudity-Oriented Material or Performance and one count of Tampering with Evidence, and sentencing him to fifty-seven months in prison. On appeal, Bowermaster claims that the prosecutor made improper comments at sentencing which invalidated his plea and deprived him of due process of law.

*Procedural History*

{¶2} On June 20, 2018, the Hardin County Grand Jury returned a four-count indictment against Bowermaster alleging in Counts One, Two, and Three that he committed the offense of Illegal use of a Minor in a Nudity-Oriented Material or Performance, in violation of R.C. 2907.323(A)(3), a felony of the fifth degree, and in Count Four that he committed the offense of Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree. According to the Bill of Particulars, the charges stemmed from allegations that Bowermaster possessed on his cell phone nude photographs of three girls under the age of eighteen, who were not his children or wards. A search warrant was executed at Bowermaster's home. Upon hearing the officers at the door, Bowermaster hid his cell phone under

the couch. Bowermaster was subsequently arraigned and entered a plea of not guilty to each count in the indictment.

{¶3} On August 15, 2018, Bowermaster appeared before the trial court for a change of plea hearing. Pursuant to the negotiated plea agreement, Bowermaster pled guilty to the indictment in exchange for a jointly recommended sentence by the prosecutor of five years of community control and ninety days of local jail time subject to several conditions. Prior to accepting his guilty plea, the trial court informed Bowermaster that it was not bound by the jointly recommended sentence and that it could impose a different sentence within the statutory range. Bowermaster acknowledged this authority of the trial court on the record and decided to move forward with entering a guilty plea to the charges. The trial court ordered a pre-sentence report investigation to be completed and scheduled sentencing for a later date.

{¶4} On September 20, 2018, the trial court conducted a sentencing hearing. The prosecutor reaffirmed his agreement to recommend five years of community control with a ninety-day period of local jail time, which would have been deemed as time served due to the calculation of jail time credit. However, the trial court highlighted aspects of the pre-sentence investigation report detailing Bowermaster's lengthy criminal history, which included committing offenses and serving three prison terms while supervised on community control, and being unsuccessfully

discharged from postrelease control. The trial court further determined that Bowermaster was not amenable to community control.

{¶5} Accordingly, the trial court imposed a prison term of nine months on Bowermaster for his conviction on each of the three Illegal use of a Minor in a Nudity-Oriented Material or Performance offenses and a thirty month prison term for his conviction on the Tampering with Evidence conviction. The trial court made the necessary findings to order the prison terms to be served consecutively for a total prison term of fifty-seven months. The trial court also classified Bowermaster as a Tier I sex offender for his three convictions for Illegal use of a Minor in a Nudity-Oriented Material or Performance.

{¶6} Bowermaster filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN ITS SENTENCE BECAUSE THE STATE IMPROPERLY INFLUENCED THE TRIAL COURT WHEN THE PROSECUTOR MADE INFLAMMATORY STATEMENTS AT SENTENCING THAT UNDERMINED THE PLEA RECOMMENDATION, AND DEPRIVED APPELLANT OF DUE PROCESS.**

### ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT AFTER THE PLEA WAS MADE VOID BY THE STATE'S IMPROPER STATEMENTS AT SENTENCING WHICH DEPRIVED THE APPELLANT'S PLEA OF ITS**

**KNOWING, INTELLIGENT, AND VOLUNTARY CHARACTER**.

*First Assignment of Error*

**{¶7}** In his first assignment of error, Bowermaster maintains that the prosecutor committed misconduct by making a more detailed factual statement on the record at sentencing beyond the one stated at the plea hearing. Bowermaster claims that the prosecutor's statements at sentencing were inflammatory and improperly influenced the trial court in imposing a fifty-seven month prison term, contrary to the jointly recommended sentence of five years of community control and ninety-days local jail time. Bowermaster maintains that the prosecutor's conduct deprived him of his right to due process of law.

*Prosecutor's Statements at Issue*

**{¶8}** After stating the jointly recommended sentence on the record at sentencing, which included a five year term of community control with ninety days of local jail time, a mental health assessment, 70 hours of community service, obtain a GED, forfeit all seized computers and cell phones, pay court costs, submit DNA, Tier I sex offender registration, and a suspended prison sentence totaling 57 months, the prosecutor stated the following, forming the basis of Bowermaster's assignments of error on appeal:

**Prosecutor:** As the Court pointed out, and in the PSI, the motivation in this case was very clear that he was trolling. There was no other word for it. Even he gave the PSI writer what exact subject matter he was trolling for. Young girls. And so even though he was off paper less than forty eight hours, he was already trolling for young ladies, young girls. A thirty six year old man who has had a series of failed relationships with mature women, failed marriages, he obviously has an addiction, he has a problem, he can't control himself. As for the result, even what really brought the State's attention to this case, was the issue the fact that he was actually coming on to a little boy. The little boy basically called him out.

**Defense Counsel:** I'm going to object Your Honor. This is out

**Prosecutor:** No, I can speak. I've stuck to my end.

**Trial Court:** Once again we're not bound by the rules of evidence at sentencing. You can certainly speak to whatever he's going to say. I don't know what that is.

**Prosecutor:** And I've stuck to my bargain. I've said to the Court what my recommendation is, and I stood by my recommendation. It doesn't mean I can't speak at sentencing. And basically what brought this case out was a search warrant which was given out in discovery. In the affidavit, what broke this case, was the fact that a young man, basically, called law enforcement and was based on that PC we executed the search warrant. In that case he was basically talking to a young boy who, at that time called him out. He called him, I think basically, you're a pervert and he was gonna report him. That's what brought law enforcement into the case, which we worked backwards, and that's what executed the search warrant and the house search, which seized the computers and the phones. The computers were wiped clean, not the cell phones. The cell phones is where we found the pictures. Then in the PSI he pretty much told the PSI—to his credit, honestly—he told the PSI writer what he was doing. And, of course, as the Court pointed out in its opening dialogue, that was less than forty eight hours after he was released off paper on PRC, what he was doing, and that was trolling for young ladies. Your Honor, I think

**that sums it up right there before the judge. The State did make it's deal, the State will honor its recommendation. We put the recommendation before the Court. I ask the Court then to adopt that recommendation. Thank You.**

(Sept. 20, 2018 Sent. Hrg. at 7-10).

{¶9} Initially we note that there was no agreement that the State would stand silent at sentencing. Moreover, we find there is no evidence in the record that the trial court relied on the prosecutor's statements in imposing its sentence. To the contrary, the trial court specifically stated, in referring to the prosecutor's statements about the alleged incident involving a young boy, "I'm not putting any importance in the matter that [the prosecutor] brought up. I just want to make a record on that. I'm not putting any credence from [sic] that. There is no evidence before me on that." (Sept. 20, 2018 Sent. Hrg. at 22). With respect to the additional facts in the case discussed by the prosecutor at sentencing, the PSI which the trial court stated it relied upon at the sentencing hearing contained the same information.

{¶10} As noted by the trial court, the PSI indicated that Bowermaster had previously been placed on community control for a prior incident involving convictions for Pandering Obscenity, Importuning, and Possession of Criminal Tools, all fifth degree felonies. Two years later while on community control, Bowermaster was sentenced to a three month prison term for violating the terms of his supervision. The PSI also revealed Bowermaster's extensive criminal history, which included a 2008 conviction for Public Indecency and a 2016 Domestic

Violence conviction, both of which resulted in Bowermaster serving jail time. The trial court further observed that Bowermaster committed the underlying offenses in the instant case less than forty-eight hours after being terminated from supervision.

{¶11} Based on the foregoing, we conclude that Bowermaster has failed to demonstrate the prosecutor committed any misconduct or that the trial court's sentence was improper or otherwise unsupported by the record. Furthermore, the record establishes that Bowermaster had an opportunity to be heard with respect to sentencing. The trial court heard arguments from both Bowermaster and defense counsel in favor of mitigation and in rebuttal to the information presented by the State at the sentencing hearing. Bowermaster was also given the opportunity to present an argument as to why the trial court should impose a community control sanction rather than a prison term. Accordingly, we conclude that Bowermaster was not denied due process of law or subjected to an unlawful sentence by reason of the prosecutor's statements at sentencing. The first assignment of error is overruled.

*Second Assignment of Error*

{¶12} In his second assignment of error, Bowermaster argues that he was "misled" by the prosecutor and induced into pleading guilty to the charges in the indictment based upon the prosecutor's "promise" to recommend a five-year term of community control, with ninety-days local jail-time and adherence to certain conditions at sentencing. (Appt. Br. at 7). While Bowermaster acknowledges that

the prosecutor did indeed make this recommendation at sentencing, he claims that the plea negotiations were undermined when the prosecutor made the "inflammatory" factual statements at sentencing, excerpted above, that were not stated in the prosecutor's factual statement at the hearing where the plea agreement was placed on the record.

{¶13} At the outset, we note that Bowermaster did not file a motion to withdraw his guilty plea with the trial court alleging his August 15, 2018 plea was not knowingly, intelligently, and voluntarily tendered. In fact, the record is devoid of any argument regarding the validity of his underlying plea being raised to the trial court at the time of sentencing or before filing his notice of appeal. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Born*, 3d Dist. Hardin No. 6-17-13, 2018-Ohio-350, ¶ 10, citing *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, ¶ 13. Thus, because Bowermaster failed to raise the issue regarding his plea to the trial court, the matter is not properly before us on appeal. This notwithstanding, in our review, we find no basis in the record to support Bowermaster's arguments that his plea was rendered invalid by the prosecutor's statements at sentencing. The second assignment of error is overruled.

{¶14} For all these reasons, the assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**