[Cite as *In re Adoption of A.B.*, 2019-Ohio-5383.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

IN RE:  THE ADOPTION OF:

    A.B.

[JAMES NICHOLAS DEAN
LUDBAN - APPELLANT]

CASE NO.  8-19-38

O P I N I O N

Appeal from Logan County Common Pleas Court
Probate Division
Trial Court No. 19-AD-05

**Judgment Affirmed**

Date of Decision:  December 30, 2019

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Susan Garner Eisenman* **for Appellee**

    *Ruth T. Kelly*, **Amicus Curiae, Academy of Adoption and**
        **Assisted Reproduction Attorneys**

**PRESTON, J.**

{¶1} Appellant, James N.D. Ludban ("Ludban"), appeals the June 25, 2019 judgment of the Logan County Court of Common Pleas, Probate Division, in which the court found that his consent is not required for the adoption of his biological child, A.B., by appellee, Andrew C. Burgess ("Burgess"). For the reasons that follow, we affirm.

{¶2} On February 14, 2019, Burgess filed a petition to adopt his minor stepdaughter, A.B. (Doc. No. 1). The petition alleged that Ludban's consent is not required for the adoption. (*Id.*). Melissa M. Burgess ("Melissa"), the child's biological mother, filed her consent for the adoption on the same day. (Doc. No. 3).

{¶3} On March 1, 2019, service of the notice of the hearing on consent was made to Ludban. (Doc. No. 25). On March 19, 2019, Burgess filed an amended petition which was identical to the petition filed on February 14, 2019 with the additional statement that Ludban's consent is not required because he "failed to file an objection within 14 days of the docketing of the return of service on the notice of adoption." (Doc. No. 26). On March 21, 2019, Ludban faxed the trial court an objection to the petition for adoption. (Doc. No. 27). The following day, Ludban filed an original copy of his objection with the court. (Doc. No. 28). On May 14, 2019, Ludban filed a supplement to his objection to the adoption and motion to

dismiss the petition for adoption. (Doc. No. 35). On May 29, 2019, Ludban filed a second motion to dismiss. (Doc. No. 39). On June 3, 2019, Burgess filed a response to Ludban's motion to dismiss. (Doc. No. 40). On June 6, 2019, Burgess filed a motion for judgment on the pleadings on the issue of whether Ludban's consent is necessary for the adoption. (Doc. No. 41). On June 25, 2019, the trial court filed a judgment entry stating its finding that Ludban's consent to the adoption is not necessary because he failed to timely object. (Doc. No. 44).

{¶4} On July 15, 2019, Ludban filed his notice of appeal. (Doc. No. 48). He raises four assignments of error for our review. We will discuss Ludban's first and second assignments of error together, as they concern related issues. We will then discuss Ludban's third and fourth assignments of error together.

### Assignment of Error No. I

**Ohio Revised Code Section 3107.07(K) violates the 14th Amendment to the United States Constitution, as applied to appellant's case and others similarly situated, by arbitrarily denying appellant equal protection and his due process right to be heard at a meaningful time and in a meaningful manner on the petition for adoption.**

### Assignment of Error No. II

**The hearing notice contained in Ohio Revised Code Section 3107.11(B) violates appellant's Constitutional right to due process as the notice provision is confusing, misleading and inaccurate.**

{¶5} In his first assignment of error, Ludban argues that R.C. 3107.07(K) is unconstitutional because it arbitrarily denies those given notice of a petition for

adoption pursuant to R.C. 3107.11(A)(1) equal protection and a due process right to be heard at a meaningful time and in a meaningful manner on the petition for adoption. In his second assignment of error, Ludban argues that the hearing notice contained in R.C. 3107.11(B) is unconstitutional because it is confusing, misleading, and inaccurate. For the reasons that follow, we disagree.

{¶6} In Ohio, certain persons and entities must consent to an adoption, including the father of the minor child. *In re T.L.S.*, 12th Dist. Fayette No. CA2012-02-004, 2012-Ohio-3129, ¶ 8, citing R.C. 3107.06. However, the General Assembly carved out exceptions to the consent requirement. Those exceptions are found in R.C. 3107.07. One of the exceptions applies if a person or entity whose consent to the adoption is required fails to file an objection to the petition for adoption within 14 days after that person or entity receives notice of the petition and of the hearing on the petition:

Consent to adoption is not required of any of the following:

* * *

(K) Except as provided in divisions (G) and (H) of this section, a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed

pursuant to division (B) of that section that the notice was given * *

*.

R.C. 3107.07(K). *See also In re T.L.S.* at ¶ 10.

{¶7} R.C. 3107.07(K) cross-references the notice required by R.C. 3107.11(A)(1). That statute requires that the trial court fix a time and place for a hearing on a petition for adoption after the petition is filed. It also requires that the trial court, at least twenty days before the hearing, give notice of the filing of the petition and of the hearing to, among others, any person whose consent is required under R.C. Chapter 3107 and who has not consented:

(A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of the hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:

(1) Any juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented;

* * *

> Notice shall not be given to a person whose consent is not required as provided by division (B), (C), (D), (E), (F), or (J) of section 3107.07, or section 3107.071, of the Revised Code. Second notice shall not be given to a juvenile court, agency, or person whose consent is not required as provided by division (K) of section 3107.07 of the Revised Code because the court, agency, or person failed to file an objection to the petition within fourteen days after proof was filed pursuant to division (B) of this section that a first notice was given to the court, agency, or person pursuant to division (A)(1) of this section.

R.C. 3107.11. As R.C. 3107.07(K) provides, if a person does not object within 14 days after receiving the notice required by 3107.11(A)(1), his or her consent to the adoption is no longer required.

{¶8} R.C. 3107.07(K) also cross-references R.C. 3107.11(B), which, according to R.C. 3107.07(K), governs the filing of proof that notice was given. The current version of R.C. 3107.11(B), however, does not address filing proof of notice and instead sets forth the language a court's notice must contain if the petition for adoption alleges that a parent failed without justifiable cause to provide for the maintenance and support of the minor or more than de minimis contact with the minor.

{**¶9**} We review de novo the determination of a statute's constitutionality. *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, citing *Akron v. Callaway*, 162 Ohio App.3d 781, 2005-Ohio-4095, ¶ 23 (9th Dist.) and *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, ¶ 11 (1st Dist.). "De novo review is independent, without deference to the lower court's decision." *Id.*, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

{**¶10**} "'It is difficult to prove that a statute is unconstitutional.'" *State v. Stoffer*, 2d Dist. Montgomery No. 26268, 2015-Ohio-352, ¶ 8, quoting *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶ 25. "'All statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, "it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."'" *Id.*, quoting *Arbino* at ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.

{**¶11**} "A party may challenge the constitutionality of a statute with either a facial challenge or an as-applied challenge." *Simpkins v. Grace Brethren Church of Delaware, Ohio*, 149 Ohio St.3d 307, 2016-Ohio-8118, ¶ 20. The distinction between the two types of constitutional challenges is important because the standard of proof is different for the two types of challenges. *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, ¶ 20. "To prevail on a facial constitutional

challenge, the challenger must prove the constitutional defect, using the highest standard of proof, which is also used in criminal cases, proof beyond a reasonable doubt." *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, ¶ 21, citing *Dickman* at paragraph one of the syllabus. Conversely, "[t]o prevail on a constitutional challenge to the statute as applied, the challenger must present clear and convincing evidence of the statute's constitutional defect." *Id.*, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph six of the syllabus.

{¶12} "A facial challenge alleges that a statute, ordinance, or administrative rule, on its face and under all circumstances, has no rational relationship to a legitimate governmental purpose." *Wymsylo* at ¶ 21. "Facial challenges to the constitutionality of a statute are the most difficult to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid." *Id.*, citing *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095 (1987). "If a statute is unconstitutional on its face, the statute may not be enforced under any circumstances." *Id.* "When determining whether a law is facially invalid, a court must be careful not to exceed the statute's actual language and speculate about hypothetical or imaginary cases." *Id.*, citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450, 128 S.Ct. 1184 (2008).

{¶13} Here, Ludban concedes that although his assignments of error include the phrase "as applied" he brings a facial challenge to the constitutionality of R.C. 3107.07(K) and 3107.11(B). (Appellant's Reply Brief at 1-2, 4).

{¶14} We note that although Ludban argues that R.C. 3107.07(K) violates the Equal Protection clause, he does not make distinct arguments detailing how R.C. 3107.07(K) violates the Equal Protection Clause. *See State v. Raber*, 189 Ohio App.3d 396, 2010-Ohio-4066, ¶ 30 (9th Dist.), quoting *NSK Industries, Inc. v. Bayloff Stamped Prods. Kinsman, Inc.*, Summit No. 24777, 2010-Ohio-1171, quoting *Cardone v. Cardone*, (May 6, 1998), 9th Dist. No. 18349, at ¶ 8. ("""[I]f an argument exists that can support [an] assignment of error, it is not this [c]ourt's duty to root it out."""). As his arguments regarding the constitutionality of R.C. 3107.07(K) are more appropriately framed in terms of the Due Process Clause, our analysis of Ludban's first assignment of error will focus on his contention that R.C. 3107.07(K) violates the Due Process Clause.

{¶15} The Due Process Clause of the Fourteenth Amendment to the United States Constitution states that a state shall not "deprive any person of life, liberty, or property without due process of law." The Supreme Court of Ohio has determined that the "due course of law" clause of Article I, Section 16 of the Ohio Constitution is the equivalent of the "due process of law" clause in the Fourteenth Amendment. *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544 (1941).

{¶16} "'Due process demands that the state provide meaningful standards in its laws.'" *In re Adoption of H.N.R.*, 145 Ohio St.3d 144, 2015-Ohio-5476, ¶ 25, quoting *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, ¶ 81. "At its most basic level, due process requires protection against arbitrary laws." *Id.*, citing *Sacramento Cty. v. Lewis*, 523 U.S. 833, 845-846, 118 S.Ct. 1708 (1998). "To satisfy the requirements of procedural due process, the means employed by a statute must have a real and substantial relation to the object to be obtained, and its methods must not be unreasonable, arbitrary, or capricious." *Id.*, citing *Nebbia v. New York*, 291 U.S. 502, 525, 54 S.Ct. 505 (1934) and *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 274 (1986). To determine whether a particular procedure is constitutionally adequate, courts are generally required to analyze and balance three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*, quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976).

{¶17} Accordingly, first we must frame the private interest involved. Although Ludban argues that the private interest at issue is the fundamental liberty interest of a parent in raising his or her natural child, the private interest affected by R.C. 3107.07(K) is much more limited. Here, the private interest involved is the right to withhold consent to the adoption of the child. R.C. 3107.07(K) does not constitute consent to the adoption of the child. *See Hess v. Bolden*, 5th Dist. Tuscarawas No. 2001AP080084, 2002 WL 54758, *3 (Jan. 8, 2002). Rather, R.C. 3107.07(K) "merely 'provides for cutting off the statutory right of a parent to withhold his consent to the adoption of the child,' leaving all other parental rights and obligations intact." *Id. See also In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209 (3d Dist.1986). Accordingly, until the court enters a final decree of adoption, the parent retains the rights and obligations of parenthood. *In re Adoption of Jorgensen* at 209. If the probate court does not find that the adoption is in the best interest of the child, any parental rights that the parent lost due to the operation of R.C. 3107.07(K) are "necessarily restored." *Id.*

{¶18} With respect to the second factor, there is some risk that the 14-day deadline may deprive a parent of the right to contest an adoption if they intend to contest an adoption but fail to file a timely objection. However, this risk is reduced by R.C. 3107.11, which requires that parents who have not filed a consent with the court must be given notice of the hearing on the petition for adoption as well as

notice that they must file objections within 14 days if they wish to contest the adoption. *See* R.C. 3107.11.

{¶19} Concerning the third factor, "[t]he state's interest is determined through its intent in enacting the legislation at issue." *In re H.N.R.*, 145 Ohio St.3d, 2015-Ohio-5476, at ¶ 27, citing *State ex rel. Evans v. Moore*, 69 Ohio St.2d 88, 91 (1982); *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 258-259, 262, 107 S.Ct. 1740 (1987); *Lehr v. Robertson*, 463 U.S. 248, 263-265, fn. 20, 103 S.Ct. 2985 (1983); *Hamdi v. Rumsfeld*, 542 U.S. 507, 517, 531, 124 S.Ct. 2633 (2004). "'[T]he goal of adoption statutes is to protect the best interests of children.'" *In re Adoption of A.N.*, 3d Dist. Union No. 14-12-27, 2013-Ohio-3871, ¶ 26, quoting *In re Adoption of Zschach*, 75 Ohio St.3d 648, 651 (1996). "'In cases where adoption is necessary, this is best accomplished by providing the child with a permanent and stable home * * * and ensuring that the adoption process is completed in an expeditious manner.'" *Id.*, quoting *Zschach* at 651.

{¶20} With respect to R.C. 3107.07(B), which operates similarly to R.C. 3107.07(K) and provides that a putative father's consent to an adoption is not required if he fails to comply with a number of statutory requirements, the Ohio Supreme Court has held that "while strict adherence to the procedural mandates * * * might appear unfair in a given case, the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies

such a rigid application." *Zschach* at 652. Moreover, "[i]t is not the role of this Court to second guess the legislature's policy decisions." *In re Adoption of A.N.*, 2013-Ohio-3871, at ¶ 42. "The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions." *Id.*

{¶21} Consequently, after weighing the applicable factors, we cannot find beyond a reasonable doubt that R.C. 3107.07(K) violates the Due Process Clause of the Fourteenth Amendment.

{¶22} Accordingly, we overrule Ludban's first assignment of error.

{¶23} Having concluded that R.C. 3107.07(K) does not violate the Due Process Clause of the Fourteenth Amendment, we next turn to Ludban's second assignment of error. In his second assignment of error, Ludban argues that the hearing notice contained in R.C. 3107.11(B) violates his constitutional right to due process because it is confusing, misleading, and inaccurate. Specifically, Ludban argues that the final sentence of the R.C. 3107.11(B) hearing notice is confusing because it leads the reader to believe that they can object to an adoption petition by either filing an objection or appearing at the hearing when they actually are required to do both. For the reasons that follow, we disagree.

{¶24} R.C. 3107.11(B) sets forth the language a court's notice must contain if the petition for adoption alleges that a parent failed without justifiable cause to

provide for the maintenance and support of the minor or more than de minimis contact with the minor:

> (B) Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:
>
> "A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND

OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU.

**IF YOU WISH TO CONTEST THE ADOPTION, YOU *MUST ALSO* APPEAR AT THE HEARING.** A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."

(Boldface and italicization added.)  R.C. 3107.11(B).

**{¶25}** Here, the final sentence of the notice, which states that a final decree of adoption may be entered if one fails "to file an objection to the adoption petition or appear at the hearing," could be ambiguous if read without reference to the rest of the notice.  "However, we may not read individual words of a statute in isolation; rather, we are obligated 'to evaluate a statute "as a whole and giv[e] such interpretation as will give effect to every word and clause in it."'" *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, ¶ 39, quoting *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373 (1917).  "A court that is reviewing a statute * * * for ambiguity should direct its 'attention * * * beyond single phrases, and  * * * should consider, in proper context, all words used by the [General Assembly] in drafting [the statute] with a view to its place in the overall

-15-

[statutory] scheme.'" *Matter of Adoption of G.M.B.*, 4th Dist. Pickaway Nos. 19CA12 and 19CA13, 2019-Ohio-3884, ¶ 17, quoting *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, ¶ 19.

{¶26} The second sentence of the statutory notice states that an individual wanting to contest an adoption must file an objection within 14 days following proof of service of notice of the filing of the petition and of the time and place of hearing. R.C. 3107.11(B). The third sentence then states, "If you wish to contest the adoption, you *must also* appear at the hearing." (Emphasis added.) *Id.* The phrase "must also" indicates that an individual wishing to contest an adoption has the additional mandatory requirement of appearing at the hearing in addition to filing a timely objection. When reading the sentences together, it is clear that an individual wishing to contest an adoption has an obligation to both file a timely objection and appear at the hearing. Thus, although the final sentence of the statutory notice may be ambiguous if read in isolation from the rest of the notice, when the statutory notice is read as a whole, the reader can come to but one conclusion, and that is that to contest an adoption, one must both file a timely objection to the adoption petition and appear at the hearing.

{¶27} Furthermore, in *In re T.L.S.*, the Twelfth District determined that the notice served on the biological father, which specifically contained language identical to that found in the second and third sentences of the statutory notice

contained in R.C. 3107.11(B), "clearly informed" the father that he was required to file an objection within 14 days of receiving the adoption notice. *In re T.L.S.*, 2012-Ohio-3129, at ¶ 11. Moreover, this court has previously found that the notice is sufficient to satisfy a putative father's due process rights as it informed the putative father that he needed to file an objection within 14 days and appear at the hearing if he objects to the adoption. *In re A.N.*, 2013-Ohio-3871, at ¶ 33.

{¶28} Thus, for the aforementioned reasons, we conclude that the statutory notice contained in R.C. 3107.11(B) is not ambiguous and does not violate Ludban's due process rights.

{¶29} Accordingly, Ludban's second assignment of error is overruled.

### Assignment of Error No. III

**The probate court erred when it found that appellant did not timely file his written objection[;] when he filed the objection it was within days of the filing of the amended petition for adoption.**

### Assignment of Error No. IV

**The probate court erred when it did not conduct a consent hearing.**

{¶30} In his third assignment of error, Ludban argues that the trial court erred by determining that his written objection was not timely filed. Specifically, Ludban argues that although he did not file an objection to the original petition for adoption within 14 days, he filed an objection within 14 days of the amended petition for adoption. Ludban contends that because he filed a petition within 14 days of the

-17-

amended petition for adoption, the trial court erred by determining that his objection was not timely filed. In his fourth assignment of error, Ludban argues that the trial court erred by not conducting a consent hearing. For the reasons that follow, we disagree.

{¶31} On February 14, 2019, Burgess filed a petition to adopt A.B. The adoption petition alleged that Ludban's consent was not required because he has failed: (1) to provide more than de minimis contact with A.B. for a period of at least one year immediately preceding the filing of the adoption petition and (2) failed without justifiable cause to provide for the maintenance and support of A.B. as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. On March 1, 2019, Ludban was served with the petition for adoption.

{¶32} Burgess filed an amended petition for adoption on March 19, 2019. The amended petition for adoption was identical to the original petition for adoption with one exception. In addition to the assertions that Ludban's consent was not required for the adoption because he failed without justifiable cause to provide more than de mimimis contact and failed without justifiable cause to provide for the maintenance and support of A.B. for at least one year immediately preceding the filing of the adoption petition, the amended petition contained the additional ground that Ludban's consent was not required because he failed to file an objection within

14 days of the docketing of the return of service on the notice of the adoption petition as required under R.C. 3107.07(K).

{¶33} On March 21, 2019, Ludban faxed a copy of his objection to the adoption of A.B. to the trial court. The following day, Ludban filed the original document with the trial court.

{¶34} Ludban argues that the trial court erred in determining that his objection to the petition for adoption was not timely. In support of his position, Ludban cites a passage from *In re Adoption of A.N.*, in which this court held that the putative father's consent was not required for an adoption because "he failed to file an objection to the Nords' amended petition within fourteen days after proof was filed with the trial court * * * that he was given notice of the * * * amended petition and [consent] hearing." *In re Adoption of A.N.*, 2013-Ohio-3871, at ¶ 31. Ludban suggests that our reference to the amended petition in *In re Adoption of A.N.* implies that the 14-day period for objections begins at the filing of the amended petition for adoption in the present case.

{¶35} However, the facts in *In re Adoption of A.N.* are readily distinguishable from the present case. In *In re Adoption of A.N.*, the original petition named A.N.'s biological mother as the only person or agency whose consent to the petition for adoption was required and stated that no person was registered as a putative father. *Id.* at ¶ 2. However, a subsequent inquiry determined that Kris Scheiderer, Jr.

("Scheiderer") was registered as a putative father of A.N. *Id.* at ¶ 3. Consequently, the prospective adoptive parents filed an amended petition listing the child's biological mother as the only person or agency whose consent to the adoption was required and Scheiderer as a putative father whose consent was not required "because he willfully abandoned [the biological mother] during her pregnancy and up to the time of her surrender of A.N." *Id.* at ¶ 5.

{¶36} After Scheiderer failed to file a written objection within 14 days of the amended petition, he argued that as a putative father, his consent to the adoption was not required under R.C. 3107.07(B), which Scheiderer suggested controlled over R.C. 3107.07(K). *Id.* at ¶ 29. Scheiderer further alleged that his failure to timely file an objection to the adoption petition should be excused because he put the interested parties on notice of his desire to be part of A.N.'s life through his registration with the Putative Father Registry, appearance at hearings, and filing a paternity action. *Id.* The trial court agreed with Scheiderer and held that his consent was required and that he did not consent. *Id.* at ¶ 30. However, this court reversed the trial court and held that Scheiderer's consent to the adoption was not required due to his failure to file an objection to the amended petition for adoption within fourteen days after proof of service was filed with the trial court. *Id.* at ¶ 31.

{¶37} However, here, Ludban was named in the original petition for adoption. Thus, unlike the putative father in *In re Adoption of A.N.* who was not

named in the original petition, Ludban had notice of the petition for adoption at the time of the filing of the original petition. Furthermore, the amended petition in the present case was identical to the original petition for adoption with the exception of the addition of the allegation that Ludban had failed to file a timely objection to the original petition for adoption. The amended petition for adoption thus effectively served as a notice that Ludban had failed to timely file an objection to the petition for adoption. Therefore, the trial court did not err by determining that Ludban's objection to the adoption was not timely even though it was filed less than 14 days after the filing of the amended adoption.

{¶38} Ludban next argues that the trial court erred by determining that his consent was not necessary without holding a consent hearing. On June 6, 2019, Burgess filed a motion for judgment on the pleadings on the issue of whether Ludban's consent is necessary for the adoption. Ludban failed to file any response to the motion for judgment on the pleadings. On June 25, 2019, the trial court filed a judgment entry finding that after reviewing the law and the pleadings filed, Ludban's consent to the adoption was not required. Ludban's next filing in the case was his July 15, 2019 notice of appeal.

{¶39} "'It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived.'" *State v. Born*, 3d Dist. Hardin No. 6-17-13, 2018-Ohio-350, ¶ 10, quoting *State v. Barrett*,

10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, ¶ 13.  Thus, because Ludban did not respond to Burgess's motion for judgment on the pleadings, the matter is not properly before us on appeal.

{¶40} For these reasons, Ludban's third and fourth assignments of error are overruled.

{¶41} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**